# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-785V
Filed: March 14, 2019

* * * * * * * * * * * * * *
| | | |
|---|---|---|
| JOHN COLAPIETRO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Joint Stipulation; Chronic |
| | * | Inflammatory Demyelinating |
| | * | Polyneuropathy ("CIDP"); Influenza |
| | * | ("Flu") and Prevnar-13 Vaccines |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * *

*Amber Wilson, Esq.*, Maglio, Christopher & Toale, Washington, DC, for petitioner.
*Mallori Openchowski, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On June 13, 2017, John Colapietro ("Mr. Colapietro or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he developed chronic inflammatory demyelinating polyneuropathy ("CIDP") after receiving an influenza ("flu") vaccine on September 9, 2015 and a Prevnar-13 vaccine on October 26, 2015. Stipulation, filed March 14, 2019, at ¶¶ 1-4. Respondent denies that any of the aforementioned immunizations caused petitioner's injury. Stipulation at ¶ 6.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Nevertheless, the parties have agreed to settle the case. On March 14, 2019, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **A lump sum of $140,000.00 in the form of a check payable to petitioner, John Colapietro.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOHN COLAPIETRO, ) | |
| ) | |
| Petitioner, ) | No. 17-785V   ECF |
| ) | |
| v. ) | Special Master Roth |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, John Colapietro, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") and Prevnar-13 vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu vaccine on or about September 9, 2015 and a Prevnar-13 vaccination on or about October 26, 2015.

3. The vaccines were administered within the United States.

4. Petitioner alleges that he suffered chronic inflammatory demyelinating polyneuropathy ("CIDP") as a consequence of the flu and Prevnar immunizations he received on or about September 9, 2015 and October 26, 2015, and further alleges that he suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu and/or Prevnar-13 vaccines caused petitioner's alleged CIDP or any other injury and further denies that his current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $140,000.00 in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State

health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about September 9, 2015 and the Prevnar-13 vaccination administered on or about October 26, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about June 13, 2017, in the United States Court of Federal Claims as petition No. 17-785V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu and/or Prevnar-13 vaccine caused petitioner's alleged CIDP or any other injury or any of his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ John Colapietro*
JOHN COLAPIETRO

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
| */s/ Amber D. Wilson (for)* | */s/ Catharine E. Reeves* |
| AMBER D. WILSON | CATHARINE E. REEVES |
| MAGLIO, CHRISTOPHER & TOALE | Deputy Director |
| 1775 Pennsylvania Avenue, NW | Torts Branch |
| Suite 225 | Civil Division |
| Washington, D.C. 20006 | U. S. Department of Justice |
| (888) 952-5242 | P. O. Box 146 |
| | Benjamin Franklin Station |
| | Washington, D.C. 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |
| *Ward Sorensen for* | */s/ Mallori B. Openchowski* |
| NARAYAN NAIR, M.D. | MALLORI B. OPENCHOWSKI |
| Director, Division of | Trial Attorney |
| Injury Compensation Programs (DICP) | Torts Branch, Civil Division |
| Healthcare Systems Bureau | U.S. Department of Justice |
| U.S. Department of Health | P.O. Box 146 |
| and Human Services | Benjamin Franklin Station |
| 5600 Fishers Lane | Washington, D.C. 20044-0146 |
| Parklawn Building, Stop-08N146B | Tel: (202) 305-0660 |
| Rockville, MD 20857 | |

Dated: 3/14/19